

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

XXXXXXXXXXXX

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Frank C. Clemens, Chairman
Houston Light Guard Armory Board of Control
Houston, Texas

Dear Mr. Clemens:

Opinion No. 0-2407
Re: Texas National Guard
Armory Board -- S. B.
427, 46th Legislature
-- General Department-
al Appropriation Bill
-- Repair, upkeep and
maintenance Houston
Life Guard Armory --
Manner of Expending.

This will acknowledge receipt of your letter
of May 11, 1940, written on behalf of yourself as act-
ing Chairman, Houston Light Guard Armory Board of Con-
trol, and on behalf of Mr. C. W. Mimon, Secretary Texas
National Guard Armory Board, with respect to the expen-
diture of item 6 of the maintenance and miscellaneous
appropriation for Texas National Guard Armory Board
contained in the biennial appropriation of the 46th
Legislature, S. B. No. 427, in which you propound the
following questions:

"1. Is the Texas National Guard Armory
Board authorized to pay out of the above mentioned
appropriation for the costs of maintenance, repair,
insurance and operating expenses of said Armory when
purchases are contracted for under the approval and
management of the Armory Board of Control but not
that of the State Board of Control?

"2. If question #1 is answered in the nega-
tive, is it necessary that such purchases be contracted
for under the approval and management of the State Board
of Control?

"3. If question #1 is answered in the nega-
tive, what duty, authority or function, if any, must
the Armory Board of Control exercise with respect to
such purchases?

"4. May the expenditres for the months of
September and October be paid out of the above mention-
ed appropriation and, if so, what showing should be
made and what Board's approval is necessary before
vouchering for payment?

probably be sufficient, but we would like to be certain with reference to your opinion as to which Board will have the duty of renewing or rewriting such insurance and as to what the proper procedure would be in order that the premium may be promptly paid.

"6. When policies of insurance are to be written, will it be proper to write and pay premiums out of such appropriation or similar appropriations for a term that extends:

"(a) Beyond the State fiscal year to which the appropriation applies;

"(b) Beyond the State biennium for which the applicable appropriation is available.

"7. May the Armory Board pay to Houston Light Guard Veterans Association, Inc., as rental of the Armory for the months of September and October out of Item #3 of its appropriations from the last Legislature (Special Laws, 46th Leg. p. 148) sufficient money to pay said expenses on condition that said Association will pay the expenses with the money so received?"

House Concurrent Resolution No. 30 of the 46th Legislature on behalf of the State accepts certain property in the City of Houston donated, with certain reservations, by the Houston Light Guard Veterans Association, Inc. for armory purposes; the resolution furthermore sets up what is known as the Houston Light Guard Armory Board of Control, with certain defined powers and duties. The dnty of the Texas National Guard Armory Board, as set forth in the resolution, is "to have charge of and provide for the maintenance, repair, insurance and operating expenses of the said armory, and to keep the said property in a good and fit condition for occupancy in use as an armory by the Houston Light Guard, now designated as Company G, 143d Infantry, Texas National Guard, and its successor military companies."

Item 6 of the Maintenance and Miscellaneous Appropriation for Texas National Guard Armory Board, as made by the 46th Legislature, is as follows:

"6. Repair, upkeep and maintenance of Armory known as Houston Light Guard Armory, as contemplated by House Concurrent Resolution 30 of the 46th Legislature; provided that this appropriation is not transferable". -- $1,140.00 for the fiscal years ending August 31, 1940, and August 31, 1941, respectively.

scribing the duties of the Board of Control provides:

> "The Board of Control shall pur-
> chase all the supplies used by each
> Department of the State Government,
> including the State Prison System,
> and each eleemosynary institution,
> Normal school, Agricultural and Me-
> chanical College, University of Texas,
> and each and all other State Schools
> or Departments of the State Govern-
> ment heretofore or hereafter created.
> Such supplies to include furniture
> and fixtures, technical instruments
> and books, and all other things re-
> quired by the different departments
> or institutions, except strictly per-
> ishable goods."

The powers of the Board of Control as thus pre-
scribed are broad and comprehensive and confer upon the
Board the power and duty to purchase all the supplies used
by each department of the State government, except such
supplies as are specially excepted in subsequent Articles,
and the Texas National Guard Armory Board comes within the
purview of this statute.

From a consideration of the statute and the well-
established policy of the State to constitute the Board of
Control as its purchasing agent for institutional and de-
partmental supplies for the State, we beg to advise:

We are of the opinion the item of insurance
does not come within the term "supplies" contained in
Article 634. The precise point seems to have been de-
termined by the Supreme Court of Montana in Miller In-
surance Agency vs. Porter, 20 Pac. (2) 643, where it
is said:

> "This court in the case of New York
> Life Insurance Co. v. Deer Lodge County,
> 43 Mont. 243, 115 P. 911, 912, in consid-
> ering the nature of a policy of fire in-
> surance, said: 'The policies are simply
> contracts of indemnity against loss (by
> fire), entered into between the corpora-
> tions and the assured, for a considera-
> tion paid by the latter. These contracts
> are not articles of commerce in any pro-
> per meaning of the word. They are not
> subjects of trade and barter offered in
> the market as something having an exist-
> ence and value independent of the parties
> to them. They are not commodities to be
> shipped or forwarded from one state to

are like other personal contracts between parties which are completed by their signature and the transfer of the consideration.'

"The term 'supplies' hes not been hold to include everything that is furnished to the state or a municipality. In the case of White v. Moore, 288 Pa. 411, 136 A. 218, coal for the use of a school house was held not to be included within the expression 'school supplies.' Again, in the case of Milwaukee Electric Railway Co. v. City of Milwaukee, 173 Wis. 329, 181 N. W. 298, electric current furnished to the city was held not to be included within the term 'supplies,' in the statute requiring a contract that all supplies should be let after bids or proposals were received. * * *

"* * *we held, that fire insurance policies are not included within the term 'supplies.' It was, therefore, unnecessary to procure bids or proposals before entering into the contracts of insurance."

We are inclined to follow the Montana case. From this conclusion it follows the Texas National Guard Armory Board, by virtue of House Concurrent Resolution No. 30 creating it, is charged with the duty of providing the insurance, and there being no statute to the contrary, it is charged with the further duty of contracting for it.

The Armory Board, however, would have no authority to create such a charge beyond the provisions of the Appropriation Act; that is to say, beyond the fiscal year to which the appropriation applies, and in no event beyond the biennium for which the applicable appropriation is available. Fort Worth Cavalry Club v. Sheppard, 83 S. W. (2) 6668.

As a matter of economy it may be unwise for the State to deny to its representatives the power to contract for insurance upon a three or five year basis, but that is for the Legislature and not the Judicial or Administrative Departments of the State.

We have several times held that it is the policy of the State to carry its own fire insurance. See Opinions Nos. 0-184, 0-201, 0-342, 0-1762 and 0-2130. This general policy is indicated by a legislative resolution referred to in the opinions. In the present case, however, House Concurrent Resolution No. 30 makes it the

duty of the Texas National Guard Armory Board and its successors "to provide for * * * insurance" upon said property donated by the Houston Life Guard Veterans Association, Inc. The general rule of State policy, resting as it does in resolution only, is not applicable to the present case, since House Concurrent Resolution No. 30 evidences a contrary rule as to this particular property.

Trusting that this general reply will have answered your questions satisfactorily, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer
     Ocie Speer
     Assistant

APPROVED JUNE 14, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

OS-MR:jrb

APPROVED OPINION COMMITTEE
BY BWB, Chairman